# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0258 | **DATE** | March 20, 2013 |
| **CASE TITLE** | James Stuckey (#A-83822) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $43.91 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Menard Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel [#4] is granted. The Court appoints Joseph R. Jeffery, Chittenden, Murday & Novotny, LLC, 303 West Madison, 1400 Chicago, IL 60606, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**                                                                                               Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seems to claim that the defendants, unnamed Chicago Police Officers, unnamed Cook County Assistant State's Attorneys, and Assistant State's Attorneys Earl Grinbarg and Daniel Galivan violated his constitutional rights by destroying evidence that might lead to him establishing actual innocence. More specifically, Plaintiff alleges that a warrant was issued for his arrest on April 15, 1986. He was not arrested until 1994, and was convicted in October of 1995, of attempted murder and aggravated criminal sexual assault. Plaintiff pleads that pre-trial evidence reports presented to him prior to trial in 1995, stipulated that evidence (Vitullo Evidence Collection Kit, blood standards extracts, a bullet, among others) might be offered into evidence during trial. Plaintiff alleges that on May 11, 2011, he was informed, in response to a motion filed in state court in 2010, that the evidence described to him in 1995 was actually destroyed in 1987, 1989, and 1990. (See memo attached to Plaintiff's complaint, as Exhibit A.)

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $43.91. The supervisor of inmate trust accounts at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

**(CONTINUED)**

AWL

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. It appears that Plaintiff may have stated a claim for denial of access to evidence post-conviction, for use in a future petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also D.A.'s Office v. Osborne*, 557 U.S. 51, 68 (2009) (Although Plaintiff has no constitutional right to DNA testing *per se*, state law arguably confers a liberty interest in introducing new evidence to demonstrate his innocence). However, Plaintiff's complaint is dismissed for various reasons.

Initially, the Court in *Savory*, made clear that the only claim available to Plaintiff is narrow, and: "Special attention must be given to the manner in which the plaintiff frames his complaint, and the consequences that would follow from a favorable disposition." *Savory*, 469 F.3d at 672. The Seventh Circuit highlighted its concern that such claims not be used to gain Plaintiff release from prison, or to shorten his sentence, if relief were granted in the form of access to physical evidence for DNA testing. So, while notice pleading applies in federal court, *see* Fed. R. Civ. P. 8(a) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), according to the Court in *Savory*, because of the narrow nature of Plaintiff's claim, he must carefully plead to ensure he is not running afoul of the principles established in *Heck v. Humphrey*, 512 U.S. 477 (1994). In short, the Court found that the relief available to Plaintiff was the opportunity to use the results of DNA testing in a future proceeding to help establish actual innocence and Plaintiff must carefully plead his claim to make clear he is not contesting his conviction or sentence. *Id*.

Additionally, Plaintiff has pled that he has knowledge that the evidence on which he wishes to do additional testing has been destroyed. Because the named Defendants do not have the evidence, they cannot be sued for "refusing" to release it. "Equity never seeks the impossible nor orders the unreasonable." *Taylor v. Sterrett*, 499 F.2d 367, 368 (5th Cir. 1974); *see also Maron v. Schopen*, No. 01 C 0161, 2001 WL 34376851, *2 (W.D. Wis. 2001) (Clerk of the Court could not be ordered to release trial transcripts that were not in the Clerk's possession). The Defendants named are not denying him access to the evidence, it simply no longer exists, and has not existed since at least 1990. The Court must question whether Plaintiff has been diligent in his efforts to obtain the evidence if he waited sixteen years since he was convicted. To begin requesting it. It is unclear from the Complaint that Plaintiff has instituted other actions attempting to establish his actual innocence, aside from his motion for forensic testing brought in state court on June 8, 2010, fifteen years after he was convicted.

However, due to the nature of Plaintiff's allegations, the Court hereby appoints Joseph R. Jeffery, Chittenden, Murday & Novotny, LLC, 303 West Madison, 1400 Chicago, IL 60606, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should file an amended complaint within sixty days, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.