IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JAMES STUCKEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 258 |
| CHICAGO POLICE DEPARTMENT, et al., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Stuckey filed this complaint seeking redress for harms allegedly committed by two former Assistant States Attorneys who prosecuted him almost two decades ago. Stuckey alleges that Defendants Earl Grinbarg and Daniel Galivan hid evidence of a rape kit that had been destroyed. Stuckey brings a claim under 42 U.S. § 1983 alleging that the Defendants conspired with Chicago Police Department personnel or acted on their own to withhold evidence thereby violating Stuckey's Fourteenth Amendment due process rights. Defendants move to dismiss Stuckey's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendants' motion to dismiss Stuckey's complaint with prejudice.

## BACKGROUND

In 1994, Stuckey was arrested for his role in a 1986 attack of a 14-year-old girl and subsequently convicted for attempted murder and aggravated criminal sexual assault.[1] (Dkt. No.

---

[1] The Court may take judicial notice of the disposition of other court proceedings without converting a motion to dismiss to a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

1

56 at 4.); *Stuckey v. Hulick*, 258 F.App'x 891 (7th Cir. 2007). The trial court sentenced him to a total of 100 years' imprisonment. *See id.* At some point before the trial in 1995, Grinbarg and Galivan stated in a discovery request that the State may or may not offer a "Vitullo Kit" into evidence. (Dkt. No. 56 at 4.) Stuckey alleges that this statement demonstrates that the Defendants pretended to have evidence of a Vitullo rape kit that they in fact knew had been destroyed. *Id.* He further alleges that he first learned of the destroyed evidence on June 9, 2011 in a phone conversation with his attorney. *Id.*

After his conviction and exhausting the appeals process, Stuckey filed his first post-conviction petition in state court in 1997. (Dkt. No. 56, Ex. D.) In 2000, the state court denied his petition. *Id.* at Ex. F. Stuckey filed a habeas corpus petition in 2004 which this Court denied. *Stuckey v. Hinsley*, No. 04 C 8061, 2007 WL 773208 (N.D.Ill. Mar. 9, 2007), *aff'd*, 258 F.App'x 891 (7th Cir. 2007).

On January 14, 2013, Stuckey filed a complaint alleging that his Constitutional rights were violated when the Defendants destroyed evidence that he could have used to prove his innocence, and he seeks $1 million in compensatory damages and $5 million in punitive damages. The Court granted Stuckey's motion for recruited counsel and an attorney was recruited to review his complaint. The recruited lawyer informed the Court that he reviewed the voluminous record of Stuckey's criminal case and all of his multiple post convictions filings and rulings, all of which were later submitted to the Court as exhibits to the Motion to Dismiss. After that careful review, the recruited lawyer filed a motion to withdraw from the case due to his inability to file an Amended Complaint for Stuckey pursuant to his obligations under Rule 11. The Court granted a second lawyer for Stuckey due to the seriousness of the allegations. The second recruited lawyer also moved to withdraw for the same reason. Therefore, the Court

ordered Stuckey to proceed pro se after having two attorneys review his entire record and informing this Court that they could not proceed with the claims initially charged by Stuckey.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). All of the "factual allegation[s] contained in the complaint" must be "accepted as true." *Id*. at 572. The allegations need not be "detailed," but they must "state a claim to relief that is plausible on its face." *Id*. at 555.

In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id*. at 678. When the factual allegations are well-pled, the Court assumes their authenticity and then determines if they plausibly give rise to an entitlement to relief. *See id*. at 679. A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). But legal conclusions and "conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011).

## DISCUSSION

### I. Defendants Have Absolute Immunity

Defendants argue that as former Assistant State's Attorneys, they are entitled to absolute immunity against Stuckey's due process claim because they allegedly violated his constitutional

3

rights in the course of their duties as prosecutors. (Dkt. No. 92 at 5.) Defendants assert that because Stuckey concedes that they were acting under color of law as prosecutors at the time of the due process violation, he has pleaded himself out of court by alleging facts establishing that Defendants have absolute immunity. (*Id.* at 7.) In response, Stuckey contends that Defendants were performing administrative and investigate duties when they allegedly violated his due process rights. (Dkt. No. 96 at 2.)

Prosecutors have absolute immunity from Section 1983 claims for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "A prosecutor is shielded by absolute immunity when he acts as an advocate for the State but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 200) (quotation omitted). This absolute immunity extends to a prosecutor's professional consideration of evidence assembled by law enforcement and preparation for its presentation at trial or before a grand jury after a decision to indict has been made. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). At the motion to dismiss stage, while a complaint need not anticipate or attempt to rebut potential defenses, a plaintiff may plead herself out of court by admitting in her well-pled facts the ingredients of a defense. *See United States Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). Further, the Court is not required to ignore any facts alleged that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

According to Stuckey's factual allegations, the Defendants violated his due process rights by conspiring to have evidence of a Vitullo rape kit withheld or by withholding it themselves "while working as prosecutors for the Cook County State's Attorney's Office in 1994-95." (Dkt. No. 56 at 5.) Stuckey alleges that Defendants committed the unconstitutional act before his 1995

trial during the discovery process when they stated in a discovery report that the State may or may not admit destroyed evidence. *Id.* In so alleging, Stuckey pleads himself out of court because the Defendants have absolute immunity for their prosecutorial conduct. Responding to discovery requests is inherently prosecutorial conduct, not investigative or administrative as Stuckey argues, because it is done in preparation for judicial proceedings. *See Buckley*, 509 U.S. at 273; *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985) (holding that prosecutor is "absolutely immune for allegedly failing to examine evidence."); *see, e.g., Gordon v. Devine*, No. 08 C 377, 2008 WL 4594354 at *11-12 (N.D.Ill. Oct. 14, 2008) (finding prosecutor entitled to absolute immunity where plaintiff claimed due process rights were violated by prosecutor's allegedly false statement in discovery report and failed to provide exculpatory *Brady* evidence). This prosecutorial absolute immunity covers even intentional acts if those acts were "intimately associated with the judicial phase of the criminal process." *Fields v. Wharrie*, 740 F.3d 1107, 1115 (7th Cir. 2014) (even in prosecutor urged a witness to lie it would conduct intimately associated with the judicial phase of the criminal process). Stuckey alleges in his Complaint that the Defendants' acts that allegedly deprived Stuckey of his constitutional rights were committed in their responses to discovery requests in their capacity as prosecutors, and therefore the Defendants are absolutely immune from Stuckey's Section 1983 claim.

Stuckey alleges that by not turning over the rape kit, the prosecutors denied him the right to prove his innocence. If the Defendants failed to turn over evidence that would have been helpful to the plaintiff during his criminal trial, then they could have violated his rights to obtain exculpatory evidence; yet, even in his allegations, Stuckey never asserts, nor does the record reflect, that the rape kit was exculpatory. Regardless, Defendants would still have absolute immunity because "*Brady* and *Giglio* violations breach a defendant's trial rights and are, thus

5

inherently prosecutorial in nature. *See id.* Therefore, ASAs Galivan and Grinbarg are entitled to absolute immunity.

## II. The Statute of Limitations Bars Stuckey's Claim

Notwithstanding the absolute immunity afforded to the Defendants as prosecutors, Stuckey's complaint also fails to state a claim upon which relief can be granted because it is barred by the statute of limitations. In a Section 1983 claim, the Court must adopt the forum state's statute of limitations for personal injury claims. *See Owens v. Okure*, 488 U.S. 235, 240 (1989). In Illinois, the state of limitations for personal injury claims is two years. 735 ILCS 5/13-202; *see Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). A claim accrues for Section 1983 purposes when the plaintiff knows or should know that her constitutional rights have been violated. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). This determination consists of two steps: first, the Court must identify the injury; and second, it must decide the date on which the plaintiff could have sued for that injury because she knew or should have known that her rights were violated. *Id.* A Section 1983 complaint fails to survive a motion to dismiss where the statute of limitations bars the claims asserted. *See Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006) (affirming dismissal of a Section 1983 complaint under 12(b)(6) for injury incurred in Illinois because two years had elapsed since the plaintiff knew or should have known of the constitutional injury); *Wilson v. Giesen*, 956 F.2d 738 (7th Cir. 1992) (same).

Stuckey's complaint was postmarked on January 9, 2013. (Dkt. No. 1.) In order to survive Defendants' motion to dismiss, Stuckey must plausibly allege that he first knew or should have known Defendants had violated his due process rights after January 9, 2011. Stuckey alleges that he learned of the constitutional violation on June 9, 2011, when his attorney told him about it in a phone conversation. (Dkt. No. 56 at 4.) The record of his post-conviction

filings, however, shows this to be false. Stuckey knew about the allegedly destroyed evidence in 1999. (Dkt. No. 92 at 13.) Stuckey filed a supplement to his first post-conviction petition, which he personally drafted, with a section entitled: "The Petitioner was Denied Due Process Under the Law When the State Lost the Rape Kit, Thereby Losing a Piece of Exculpatory Evidence, in Violation of the United States Constitution." (Dkt. No. 92-4 at 48.) In this section, Stuckey argued that the State was criminally negligent because it lost a "rape vitullo kit." *Id.* This supplement composed by Stuckey and submitted to the state court in 1999 demonstrates that Stuckey was aware of the allegedly lost rape kit and argued its loss to the state court to seek post-conviction relief so he cannot argue to this Court that he only learned of it in 2011. Stuckey knew of the kit and the possibility of his Constitutional rights being violated thirteen years prior to filing his Complaint.

Stuckey's habeas corpus petition similarly belies his claim that he first learned about the destroyed Vitullo rape kit in 2011. Stuckey filed a habeas corpus petition in 2004 in this Court. *Stuckey v. Hinsley*, No. 04 C 8061, 2007 WL 773208 (N.D.Ill. Mar. 9, 2007), *aff'd*, 258 F.App'x 891 (7th Cir. 2007). In his petition, he stated, "the State also deprived petitioner due process where they claimed to have lost the Vitullo kit, or did not preserve the kit in order to give the defense an oppurtunity [sic] to have the kit tested[.]" (Dkt. No. 92 at Ex. J.) Again, he knew of the allegedly lost kit and argued its Constitutional implications nine years ago to this Court. The two-year statute of limitation bars Stuckey's Section 1983 claim.[2]

---

[2] Defendants also argue that Stuckey's complaint should be dismissed because a Section 1983 claim for the destruction of evidence is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). It is unnecessary to address whether it fails under *Heck* because the Court grants the Defendants' motion to dismiss because Defendants have absolute immunity and the statute of limitations bars Stuckey's claim.

7

## **CONCLUSION**

For the reasons stated above, the Court grants the Defendants' Motion to Dismiss Stuckey's complaint with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 11.13.2015